UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUITY TRUST, et al.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br><br>JAMES JOHNSON GILLOTT, et al.,<br><br>　　　　　Defendants. | Case No.  22-cv-07826-VKD<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER FOR REASSIGNMENT TO DISTRICT JUDGE; REPORT AND RECOMMENDATION RE REMAND**<br><br>Re: Dkt. No. 3 |

　　　　Defendant Kathleen Gillott removed this unlawful detainer action from the Monterey County Superior Court.[1]  She also seeks leave to proceed in forma pauperis ("IFP").  For the reasons stated below, the undersigned grants the IFP application, but nonetheless recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

　　　　A court may grant IFP status and authorize the commencement of a civil action if the court is satisfied that the applicant cannot pay the requisite filing fees.  28 U.S.C § 1915(a)(1).  In evaluating an IFP application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous."  *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).  A court may dismiss a case filed without the payment of the filing fee whenever it determines that the

---

[1] Ms. Gillott's notice of removal states that all other defendants—James Johnson Gillott, Beau Gillott, Brooke Gillott, Jack A. Gillott, Adam Gillott, Claire Gillott, and Gillott Ranches LLC—consent to the removal of this action.  *See* Dkt. No. 1 at 1, 5.

action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The pending IFP application indicates that Ms. Gillott qualifies financially for IFP status. The Court therefore will grant the IFP application. Even so, this action cannot proceed in this court because there is no federal subject matter jurisdiction over this matter.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the Court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Ms. Gillott fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id*. Here, plaintiffs' complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. *See* Dkt. Nos. 1-1, 1-2. Although Ms. Gillott's notice of removal contends that plaintiffs' unlawful detainer action is improper for a number of reasons, allegations in a removal notice or in a response to the complaint cannot provide this Court with federal question jurisdiction. *See Vaden*, 556 U.S. at 60. Accordingly, plaintiffs' unlawful detainer action does not arise under federal law.

This Court further finds that there is no basis for diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28

U.S.C. § 1332. Unlawful detainer actions involve the right to possession alone, not title to the property. The fact that the subject property may be worth more than $75,000 is irrelevant. *MOAB Investment Group, LLC v. Moreno*, No. C14-0092 EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); *Maxwell Real Estate Investment LLC v. Bracho*, No. C12-02774 RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012). Even assuming Ms. Gillott could establish that the $75,000 threshold is satisfied, the record indicates that all of the defendants are "permanent residents of California." Dkt. No. 1 at 1. Thus, this action cannot be removed on the basis of diversity. *See* 28 U.S.C. § 1441(b)(2) (stating that an action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *see also Spencer v. U.S. Dist. Ct.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Based on the foregoing, the removal of this case was improper. Defendants are advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this Court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Monterey County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: December 12, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge